# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY HORTON,

                      Plaintiff,

v.

GRACE M. GALL, JOHN CHISHOLM, and MILWAUKEE COUNTY,

                      Defendants.

Case No. 25-CV-116-JPS

**ORDER**

       Plaintiff Tony Horton, an inmate confined at Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. ECF No. 1. On February 14, 2025, Plaintiff filed an amended complaint. ECF No. 5. This Order screens Plaintiff's amended complaint and resolves his motions for leave to proceed without prepaying the filing fee and motion to compel.[1]

**1.    MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

       The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

---

[1]The Court notes that Plaintiff filed later a proposed amended complaint. ECF No. 10. Plaintiff had previously amended the complaint once as a matter of course and did not seek leave of the Court to file a third complaint. *See* Fed. R. Civ. P. 15. As such, the Court screens the amended complaint.

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 6, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $1.79. ECF No. 15. Plaintiff paid that fee on March 24, 2025. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, and will deny the duplicative motions, ECF Nos. 6, 11, as moot. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. **SCREENING THE AMENDED COMPLAINT**

   2.1 **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings allegations against Milwaukee County district attorneys John Chisholm and Grace M. Gall related to a criminal case against him. ECF No. 5 at 2. Plaintiff alleges that Defendants selectively prosecuted him and never looked at all the evidence in the case. *Id.* Plaintiff maintains he was convicted based on inaccurate information after witnesses impeached themselves on the stand at trial. *Id.* at 3.

### 2.3 Analysis

The Court finds that Plaintiff may not proceed against prosecutor Defendants because they are absolutely immune from suit. "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("*Fields I*"). However, where a prosecutor is acting not as a legal advocate but as an investigator, he is entitled only to the qualified immunity that would be granted to police officers carrying out those same duties. *Id.* at 511. Courts distinguish these two roles by looking to the

function of the action undertaken. An action is prosecutorial if "the prosecutor is, at the time, acting as an officer of the court" and the action itself is "related[ ] to the judicial phase of the criminal process." *Id.* at 510; *see also id.* at 513 (finding that "[o]nce a defendant is indicted" and the prosecutor begins working towards trial, prosecutorial immunity attaches to his actions). In contrast, "[p]rosecutors do not function as advocates before probable cause to arrest a suspect exists," so any action undertaken during a preliminary investigation is not prosecutorial. *Id.* at 512. Prosecutorial immunity attaches to the failure to comply with disclosure obligations and the suppression of evidence, *id.* at 513, the initiation of a criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the evaluation and preparation of evidence collected by the police for presentation at trial, *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), and court appearances to obtain search warrants, *Burns v. Reed*, 500 U.S. 478, 491 (1991). The immunity applies even when the prosecutorial action was done maliciously or unreasonably. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). However, "[a] prosecutor cannot retroactively immunize himself from conduct by perfecting his wrong-doing through introducing the fabricated evidence at trial;" he is still liable for actions taken while in an investigatory role. *Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014) (*Fields II*).

Here, Plaintiff's allegations against the prosecutorial defendants involve their decision to charge him in a criminal case and their actions to convict him at trial. These actions are in the category of prosecutorial duties as opposed to investigation, and, as such, these defendants are absolutely immune from suit on these claims. Plaintiff does not make any allegations specifically against Milwaukee County.

The Court will provide Plaintiff the opportunity to file a second amended complaint on or before **May 1, 2025**. When writing his second amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights? (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's second amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his second amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the second amended complaint is received, it will

become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Finally, the Court will deny Plaintiff's motion to compel as premature. The first step in Plaintiff's case is to survive the screening stage by successfully stating a claim. Plaintiff may seek discovery if and only if his case survives screening and after any defendants have appeared.

**3.    CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** Plaintiff's duplicative motions for leave to proceed without prepaying the filing fee, ECF Nos. 6, 11, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** Plaintiff's motion to compel, ECF No, 19, be and the same are hereby **DENIED as premature**;

**IT IS FURTHER ORDERED** that Plaintiff may file a second amended complaint that complies with the instructions in this Order on or before **May 1, 2025**. If Plaintiff does not file a second amended complaint by the deadline, the Court will dismiss this case because Defendants are immune from suit;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $348.21 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the

case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Page 7 of 8

Case 2:25-cv-00116-JPS    Filed 04/10/25    Page 7 of 8    Document 21

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.