# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TONY HORTON,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>GRACE M. GALL, JOHN CHISHOLM, ANDREW J. GOLDEN, CRYSTAL L. SALTZWADEL, THOMAS E. HARRIS, and MILWAUKEE COUNTY,<br><br>　　　　　　　Defendants. | Case No. 25-CV-116-JPS<br><br>**ORDER** |

Plaintiff Tony Horton, an inmate confined at Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. ECF No. 1. On February 14, 2025, Plaintiff filed an amended complaint. ECF No. 5. On April 10, 2025, the Court screened the amended complaint, found that Defendants were immune from suit, and allowed Plaintiff to file a second amended complaint on or before May 21, 2025. ECF No. 21. Plaintiff filed a second amended complaint on May 20, 2025. ECF No. 27. The Court will therefore deny as moot Plaintiff's motion for an extension of time to file a second amended complaint, ECF No. 26, because the second amended complaint was timely. The remainder of this Order screens Plaintiff's second amended complaint and resolves his motions to appoint counsel.

1. **SCREENING THE SECOND AMENDED COMPLAINT**

   1.1 **Federal Screening Standard**

   Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity

or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff brings allegations against Milwaukee County district attorneys related to a criminal case against him. ECF No. 12 at 2. Plaintiff alleges that Defendants selectively prosecuted him and never looked at all the evidence in the case. *Id.* Another district attorney, not named here, later told the presiding judge that the State could not show Plaintiff did not act in self-defense, and the case was dismissed. *Id.* at 3. By that time, however, Plaintiff had already been incarcerated for sixteen months, and Plaintiff had lost everything he owned. *Id.* at 4. A district attorney told Plaintiff, "We knew we violated your due process rights and we could care less." Plaintiff believes the police reports and video footage from his case will prove his innocence. *Id.*

### 1.3 Analysis

The Court finds that Plaintiff may not proceed against prosecutor Defendants because they are absolutely immune from suit. "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("*Fields I*"). However, where a prosecutor is acting not as a legal advocate but as an investigator, he is entitled only to the qualified immunity that would be granted to police officers carrying out those same duties. *Id.* at 511. Courts distinguish these two roles by looking to the function of the action undertaken. An action is prosecutorial if "the prosecutor is, at the time, acting as an officer of the court" and the action itself is "related[ ] to the judicial phase of the criminal process." *Id.* at 510; *see also id.* at 513 (finding that "[o]nce a defendant is indicted" and the prosecutor begins working towards trial, prosecutorial immunity attaches to his actions). In contrast, "[p]rosecutors do not function as advocates before probable cause to arrest a suspect exists," so any action undertaken

during a preliminary investigation is not prosecutorial. *Id.* at 512. Prosecutorial immunity attaches to the failure to comply with disclosure obligations and the suppression of evidence, *id.* at 513, the initiation of a criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the evaluation and preparation of evidence collected by the police for presentation at trial, *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), and court appearances to obtain search warrants, *Burns v. Reed*, 500 U.S. 478, 491 (1991). The immunity applies even when the prosecutorial action was done maliciously or unreasonably. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). However, "[a] prosecutor cannot retroactively immunize himself from conduct by perfecting his wrong-doing through introducing the fabricated evidence at trial;" he is still liable for actions taken while in an investigatory role. *Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014) (*Fields II*).

Here, Plaintiff's allegations against the prosecutorial defendants involve their decision to charge him in a criminal case and their actions to detain him while the charge was pending. These actions are in the category of prosecutorial duties as opposed to investigation, and, as such, the Court finds that these defendants are absolutely immune from suit on these claims. Plaintiff does not make any allegations specifically against Milwaukee County. As such, the Court finds that Plaintiff may not procced on any claims in the second amended complaint.

2. **COUNSEL**

The Court will deny Plaintiff's motions to appoint counsel. As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to

represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

Here, the Court previously provided Plaintiff guidance related to his claims and allowed him the chance to amend his complaint. The Court does not find that further amendment of the complaint, even with counsel, would allow this case to proceed. As such, the Court finds that appointing counsel would be futile as well. The Court therefore denies Plaintiff's motions to appoint counsel.

### 3. CONCLUSION

In sum, the Court finds that Plaintiff's second amended complaint may not proceed because the prosecutorial defendants are absolutely immune from suit and Plaintiff does not make allegations against Milwaukee County. The Court has allowed Plaintiff the opportunity to amend his complaint and has provided guidance as to how Plaintiff could successfully do so. As such, the Court finds that further amendment would be futile. The Court will accordingly dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's second motion for an extension of time, ECF No. 26, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** Plaintiff's motions to appoint counsel, ECF Nos. 25, 28, be and the same are hereby **DENIED**; and

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.